UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LESLIE LIWANAG et al.,

                Plaintiffs,

-against-

THE EXECUTIVE CLUB, INC. d/b/a
The Penthouse Executive Club, ROBERT GANS,
and MARK YACKOW,

                Defendants.
------------------------------------------------------------X
MARSHA CHALMERS,

                Plaintiff,

-against-

THE EXECUTIVE CLUB, INC. d/b/a
The Penthouse Executive Club, ROBERT GANS,
and MARK YACKOW,

                Defendants.
------------------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/14

13 Civ. 7362 (KMW)
13 Civ. 7730 (KMW)
ORDER

KIMBA M. WOOD, U.S.D.J.:

      The above two actions, *Liwanag v. The Executive Club*, 13 Civ. 7362, and *Chalmers v. The Executive Club*, 13 Civ. 7730, were both brought by plaintiffs who opted out of the recently concluded class action, *In re Penthouse Executive Club Compensation Litigation*, 10 Civ. 1145. The claims of plaintiffs in *Liwanag* and *Chalmers* are the same as those asserted by the class in *Penthouse Executive Club*.

      Given the substantial similarity of the factual allegations and claims raised in the *Liwanag* and *Chalmers* actions, the Court finds that they should be consolidated, pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)"). Rule 42(a) permits consolidation of actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation is

"a valuable and important tool of judicial administration" that should be "invoked to expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations and quotations omitted). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *see also Devlin*, 175 F.3d at 130 ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*."). The gains in efficiency to the Court, the parties, and any witnesses from consolidation will far outweigh any risk of prejudice or confusion. *See Johnson*, 899 F.2d at 1285.

It is hereby ordered that the *Liwanag*, 13 Civ. 7362, and *Chalmers*, 13 Civ. 7730, actions be consolidated for all purposes under Rule 42(a). The caption of the consolidated actions shall be *In re Penthouse Executive Club Opt-Out Litigation*, Master File No. 13 Civ. 7362 (KMW). The Clerk of the Court is respectfully directed to close 13 Civ. 7730.

SO ORDERED.

Dated: New York, New York
February 10, 2014

Kimba M. Wood
United States District Judge