

MEISTER SEELIG & FEIN LLP

ATTORNEYS AT LAW
125 Park Avenue, 7th Floor
New York, NY 10017
Telephone (212) 655-3500
Facsimile  (212) 655-3535
www.meisterseelig.com

Howard Davis
*Attorney at Law*
Direct (212) 655-3585
Fax (646) 539-3684
*hd@msf-law.com*

November 14, 2014

*__Via ECF__*
The Honorable Kimba M. Wood
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:     *In re: Penthouse Opt-Out Litigation,*
          No. 13 Civ. 7362 (KMW)

Dear Judge Wood:

We represent the defendants in the referenced action.  We write following the parties' settlement of the claims in the referenced action and the Fairness Hearing held before Your Honor held November 12, 2014 (the "Hearing").  As requested at the Hearing, we enclose copies of the two (2) Settlement Agreement, General Release and Waivers reached in the two (2) cases consolidated under the referenced caption and case number, conformed pursuant to the Court's direction to remove the confidentiality provisions.

In addition, we enclose a proposed order for the Court's convenience.

Plaintiffs have approved the enclosed agreements and proposed order.

If anything further is required, please let us know.

Respectfully submitted,

Howard Davis

cc:     Counsel of Record for Plaintiffs (via ECF)
          Jeffrey A. Kimmel, Esq. (via ECF)

CONNECTICUT          NEW JERSEY          CALIFORNIA          MASSACHUSETTS

# CHALMERS
# SETTLEMENT AGREEMENT

## <u>SETTLEMENT AGREEMENT, GENERAL RELEASE AND WAIVER</u>

This Settlement Agreement, General Release and Waiver ("Agreement"), made this __ day of October, 2014, by and between plaintiff Marsha Chalmers ("Chalmers" or "Plaintiff"), and defendants, The Executive Club LLC (the "Executive Club"), Mark Yackow ("Yackow") and Robert Gans ("Gans") (collectively referred to herein as "Defendants").

### WITNESSETH:

**WHEREAS**, an action was commenced on or about October 18, 2013, by Leslie Liwanag, Nicki Mpogiatzis, Kayla Atkins, Chelsea Rogers, Linda Coyle, Christina Sanchez, Heather Stonehill, Nadene Grey (Speer), Sarah Ladner, Colin Darrow, Stephine Gavegnano, Christine O'Malley and Madison Morrow against Defendants in the District Court of the Southern District of New York, Case No. 13 cv 7362 (KMW) (the "Liwanag Action");

**WHEREAS**, an action was commenced on or about October 31, 2013, by Chalmers against Defendants in the District Court of the Southern District of New York, Case No. 13 cv 7730 (KMW) (the "Chalmers Action");

**WHEREAS**, the Liwanag Action and the Chalmers Action were consolidated by Order of the Court dated February 10, 2014 under Master case File No. 13 cv 7362 (KMW), *In re Penthouse Executive Club Opt-Out Litigation* (the "Lawsuit");

**WHEREAS**, Defendants dispute the issues of liability and damages in the Lawsuit;

**WHEREAS**, Plaintiff and Defendants (each separately a "Party" and collectively "Parties") desire by this Agreement to settle fully all differences, disputes and claims that may exist between them;

**NOW, THEREFORE**, for and in consideration of the mutual covenants herein contained and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1.   **<u>Settlement</u>**.

A.   Within ten (10) days of the Effective Date, as defined in Paragraph 12(C), Defendants shall cause to be delivered, in full and final settlement of Chalmers's claims in the Lawsuit, to:

                i.   Law Offices of William Cafaro, 108 West 39th Street., Suite 602, New York, NY 10018, the sum of One-Hundred-Twenty-Five Thousand Dollars ($125,000) in full and final settlement of the Lawsuit (the "Chalmers Settlement Sum") (the Liwanag Settlement Sum and Chalmers Settlement Sum are collectively referred to herein as the "Settlement Sum").   The Chalmers Settlement Sum shall be paid in two checks made payable as follows: One to Marsha Chalmers in the amount of Eighty Two Thousand and Nine Dollars and Twenty Three

cents ($82,009.23) and another payable to William Cafaro, P.C. in the amount of Forty Two Thousand Nine Hundred Ninety Dollars and Seventy Seven cents ($42,990.77).

B.      Plaintiff acknowledges and agrees that, except as expressly provided in paragraph 1(A) above, Plaintiff is not entitled to and will not receive any additional compensation, bonuses, severance payments, vacation pay or benefits of any kind from Defendants, or any of their affiliates, predecessors or successors, and that no representations or promises to the contrary have been made by or on behalf of Defendants to Plaintiff.

C.      Plaintiff further acknowledges and agrees that (i) this settlement may result in taxable income to Plaintiff under applicable federal, state and local tax laws; (ii) Defendants are providing no tax, accounting or legal advice to Plaintiff, and make no representations regarding any tax obligations or tax consequences on Plaintiff's part relating to or arising from this Agreement; (iii) Plaintiff shall be solely responsible for all of her tax obligations, including, without limitation, all federal, state and local taxes, and all tax liens or claims against Defendants that may arise from all payments received by them under this Agreement, and Plaintiff shall not seek any indemnification from Defendants with respect thereto; (iv) Plaintiff has been advised that Defendants must comply with their obligations to make reports of such taxable income to the appropriate federal, state and local tax authorities, and issue IRS Forms 1099, as appropriate, and (v) Plaintiff shall cooperate and provide information to Defendants, as reasonably necessary, to allow Defendants to comply with all applicable federal, state and local tax laws.

2.      **Discontinuance of Lawsuit**.  Upon the execution of this Agreement, Plaintiff shall promptly file or cause to be filed with the Court, a Stipulation of Discontinuance of the Lawsuit, with prejudice, in the form attached hereto as Exhibit A.

3.      **No Admissions**.  This Agreement does not constitute an admission by any of the Parties of any violation of any contract or of any statute, or of any constitutional or common law, or of any rights thereunder, of any federal, state or local government of the United States, and Plaintiff, and Defendants expressly deny any such violation or liability.  This Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

4.      **Release by Plaintiff**.  In consideration of Defendants' willingness to enter into this Agreement, and in consideration for the agreements of Defendants contained in this Agreement, including the payment of the Settlement Sum, Plaintiff, with the intention of binding Plaintiff, her heirs, beneficiaries, trustees, administrators, executors, assigns and legal representatives, hereby irrevocably and unconditionally release, waive and forever discharges Defendants from, and hereby acknowledges full accord and satisfaction of, any and all actions, causes of action, claims, complaints, demands, damages, rights, remedies and liabilities of whatsoever kind or character (upon any legal or equitable theory, whether contractual, common law or statutory, under federal, state or local law or otherwise), past or present, whether known or unknown, asserted or unasserted, that they have ever had, may now have, or may later assert against Defendants by reason of any act, omission, transaction, agreement or occurrence, that Plaintiff ever had, now have or hereafter may have against the Defendants up to and including the date of the execution of this Agreement, including, without limitation, claims asserted in the

2

Lawsuit.  Plaintiff represents that she does not have knowledge of any further causes of action that she possesses against Defendants through the date of this Agreement.

Without limiting the generality of the foregoing, Plaintiff hereby releases and forever discharges Defendants from:

(i)     all claims of employment discrimination, harassment or retaliation under any federal, state or local statute or ordinance, public policy or common law, including, without limitation, any and all claims under Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Worker Adjustment and Retraining Notification Act, the Fair Labor Standards Act, the Sarbanes-Oxley Act, the Family & Medical Leave Act, the New York State and New York City Human Rights Laws, the New York Labor Law, the New York Worker Adjustment and Retraining Notification Act, the New York Constitution, and as such laws have been amended;

(ii)    all contract and quasi-contract claims, claims for promissory estoppel or detrimental reliance, claims for wages, gratuities, bonuses, incentive compensation, and severance allowances or entitlements;

(iii)   all claims for employee benefits, including, without limitation, any and all claims under the Employee Retirement Income Security Act of 1974, as amended;

(iv)    all claims for fraud, slander, libel, defamation, disparagement, negligent or intentional infliction of emotional distress, personal injury, prima facie tort, negligence, compensatory or punitive damages, or any other claim for damages or injury of any kind whatsoever; and

(v)     all claims for monetary recovery, including, without limitation, attorneys' fees, costs and disbursements and the like.

Plaintiff agrees that she will not recover upon, or otherwise enforce or accept monies from any judgment, decision or award upon any claim released by Plaintiff in this paragraph.

This Agreement and the release and discharge contained in this paragraph 4 shall also apply to Defendants' insurers, their past and present contractors, officers, directors, attorneys, agents, servants, representatives, employees, affiliates, partners, predecessors and successors in interest and assigns.

5.    ██████████

██████████████████████████████████████████████████████████



6. **Non-Disparagement**. Plaintiff agrees that she will not, directly or indirectly, disparage or criticize Defendants, or encourage, induce or permit others to disparage Defendants. For the purposes of this Agreement, "disparage" includes, without limitation, comments or statements (written or otherwise) to any person or entity, including, without limitation, to the press and/or media, employees, partners or principals of Defendants or any entity with which Defendants have a business relationship, which is intended to or could reasonably be expected to be inconsistent with or injurious to the interests or the reputation of Defendants or cause embarrassment or humiliation or otherwise cause or contribute to their being held in disrepute. A breach of this provision of this Agreement by Plaintiff shall be deemed a material violation of this Agreement.

7. **No Assist**. **Plaintiff represents and agrees that she shall not voluntarily take any action to support, encourage or participate in any action or attempted action other than the Lawsuit which names, or may in any way damage the reputation of Defendants,**

**Defendants' heirs, agents, servants, representatives, employees, affiliates, parents, subsidiaries, partners, predecessors, successors in interest, assigns, shareholders, directors, or officers. If Plaintiff is ordered or subpoenaed by order of a court of competent jurisdiction or a state or federal governmental agency, in connection with a lawsuit which refers or relates to Defendants, Plaintiff is not barred from revealing factual information she may be asked, but may not volunteer in any way to participate in any such lawsuit. It is understood and agreed that notice of receipt by Plaintiff of any such judicial or agency order, inquiry or subpoena shall immediately be communicated by Plaintiff to counsel for Defendants telephonically, and then confirmed immediately thereafter in writing, so that Defendants will have an opportunity to intervene to assert what rights they may have to non-disclosure prior to responses to said order, inquiry or subpoena.**

**Plaintiff represents and warrants that with the exception of Kiana Love, f/k/a Karen Meineke, she is not aware of any other former independent contractors or employees of Defendants that intend to, or are in the process of, or are considering asserting any legal claims against Defendants or their affiliates of any nature whatsoever.**

8. <u>**Professional Relationship**</u>.

A. Plaintiff agrees that her professional relationship with Defendants has been permanently and irrevocably severed. Plaintiff agrees that none of the Defendants or any affiliated entities of Defendants, whether in the State of New York or any other State, shall have any obligation at any time in the future to employ Plaintiff or enter into any other type of professional or business relationship with Plaintiff. Plaintiff agrees that she will not seek employment or any other professional or business relationship with Defendants or any affiliated entities of Defendants, whether in the State of New York or any other State. Plaintiff further agrees that if Plaintiff seeks employment or any other arrangement with Defendants or any affiliated entities of Defendants, whether in the State of New York or any other State, under which Plaintiff would receive compensation for services performed by Plaintiff, a rejection by Defendants or any affiliated entities of Defendants, whether in the State of New York or any other State, of any application or inquiry of Plaintiff will not constitute a violation of this Agreement or a violation of law in any manner whatsoever.

9. <u>**Forfeiture**</u>. In the event that Plaintiff is in material breach of this Agreement, including but not limited to a breach of provisions 6 – 8, Plaintiff shall forfeit the amount of the Settlement Sum allocated to her. If such breach is by Plaintiff's counsel, the entire Settlement Sum shall be forfeited. Defendants shall not be barred from seeking additional damages or relief above and beyond the Settlement Sum. Anything in this Agreement to the contrary notwithstanding, Defendants shall have no right to withhold payment of the Settlement Sum based upon any allegation of breach, and no forfeiture by Plaintiff shall occur, unless a determination is made in a court of competent jurisdiction to the effect that Plaintiff has willfully engaged in conduct that violates provisions 6 – 8 of this Agreement. If any such issue is presented to a court of competent jurisdiction, it is the express agreement of the parties, as well as their joint intent, that the prevailing party be awarded all attorneys' fees incurred unless such attorneys' fees are shown to be unreasonable.

10. **Lack of Duress**. The Parties represent and warrant that they have each read this Agreement and that this Agreement has been executed of their own free will, without promises, threats or the exertion of duress upon them.

11. **No Representations**. The Parties warrant and represent that no statements, representations, coercion, promises or warranties were made by any other Party or its representatives to influence, induce or cause the other to enter into this Agreement other than statements and representations specifically recited in this Agreement.

12. **Review and Revocation**.

    A. The Parties to this Agreement represent and warrant that they have been represented by independent legal counsel of their own choice throughout all of the negotiations preceding the execution of this Agreement and that they have executed this Agreement after consultation with such counsel. The Parties further warrant that they have, in fact, reviewed this Agreement in its entirety, that they have had all of its terms and provisions explained to them by their attorneys, who have answered any and all questions they have asked with regard to the meaning of any of the terms and provisions of this Agreement, and that they fully understand the terms, provisions and legal effect of this Agreement.

    B. Plaintiff acknowledges that before signing this Agreement, she was given at least twenty-one (21) days in which to review and consider it; Plaintiff has, in fact, carefully reviewed this Agreement; and Plaintiff is entering into it voluntarily and of their own free will. Further, Plaintiff acknowledges that if Plaintiff executes this Agreement before the end of the twenty-one (21) day period, such early execution was completely voluntary, and Plaintiff had reasonable and ample time in which to review this Agreement.

    C. Plaintiff agrees that, for a period of seven (7) days after she signs this Agreement, Plaintiff has the right to revoke it by providing notice, in writing, by Federal Express or other overnight delivery service, or by certified mail, return receipt requested, to counsel for Defendants. This Agreement will not become fully effective and enforceable until after the expiration of the seven-day revocation period and, in the event that the Court in the Lawsuit requires approval of the within settlement, after the Court in the Lawsuit provides such approval of the within settlement (the "Effective Date"). Any attempted revocation not actually received by counsel for Defendants prior to the revocation deadline will not be effective.

    D. Plaintiff understands that her acceptance of the Settlement Sum at any time more than seven (7) days after she signs this Agreement confirms that she did not revoke her assent to this Agreement and, therefore, that it is fully effective and enforceable.

13. **Warranty of Capacity to Execute Agreement**. The Parties represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations or causes of action referred to in this Agreement, except as otherwise set forth herein; that the Parties have the sole right and exclusive authority to execute this Agreement; that Plaintiff has the sole right and exclusive authority to receive the Settlement Sum; and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

14.     **Entire Agreement**.    This Agreement contains the entire understanding between the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof.  This Agreement may not be changed orally, and no modification, amendment or waiver of any of the provisions contained in this Agreement, nor any future representation, promise or condition in connection with the subject matter hereof, shall be binding upon any Party unless made in writing and signed by such Party.

15.     **Severability**.  If any court of competent jurisdiction concludes that any part, term or provision of this Agreement is illegal, void, unenforceable or in conflict with any state, federal or any other applicable law, it is the Parties' intention that the Agreement be deemed to be modified so that its purpose can lawfully be effectuated and, as so modified, the balance of this Agreement shall be enforceable and remain in full force and effect.  Provided, however, that if paragraph 4 above is held to be illegal, void or unenforceable, Plaintiff agrees to promptly execute valid general releases and waivers in favor of Defendants.

16.     **Counterparts**.  This Agreement may be executed in more than one counterpart, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same instrument.  Facsimile or scan copies of signatures shall be deemed originals.

17.     **Governing Law**.   This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of laws principles and provisions.  Any action or proceeding between the Parties shall be commenced only in the state courts located in the State of New York, and Plaintiff and Defendants hereby submit to the exclusive jurisdiction of the state courts located in the City, County and State of New York.

18.     **Successors and Assigns**.  This Agreement shall extend to, be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

19.     **Assignment**.  Neither this Agreement nor any rights or obligations hereunder may be assigned by one Party without the written consent of the others, except that Defendants may assign this Agreement to any parent or affiliate entity, and this Agreement shall inure to the benefit of any successor of Defendants, whether by merger, consolidation, sale of assets or otherwise, and reference herein to Defendants shall be deemed to include any such successor or successors.  The obligations of Plaintiff hereunder shall be binding upon Plaintiff.

20.     **Waiver**.  No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement.  No waiver shall be binding unless in writing and signed by the Party waiving the breach.

21.     **Contract Headings**.  All headings of the Sections of this Agreement have been inserted for convenience of reference only, are not to be considered a part of this Agreement, and shall in no way affect the interpretation of any of the provisions of this Agreement.

22.     **Miscellaneous Provisions**.

    a.     The recitals to this Agreement are hereby deemed incorporated into this Agreement.

    b.     Each of the Parties hereto has joined in and contributed to drafting this Agreement and each of the Parties hereby agree that there shall be no presumption favoring any of the Parties based upon draftsmanship.

23.     **Notices**.  Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if mailed by registered or certified mail, return receipt requested, or via overnight delivery service, addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice.

If to Plaintiff:        Marsha Chalmers
                     3167 Hanging Moss Circle
                     Kissimmee, FL 34741

                     With a copy to:
                     Law Offices of William Cafaro
                     108 West 39th Street., Suite 602
                     New York, NY 10018

If to Defendants:

                     The Executive Club LLC, Mark Yackow and Robert Gans
                     603 West 45th Street, 3rd Floor
                     New York, NY  10036

                     with a copy to:

                     Meister Seelig & Fein LLP
                     125 Park Ave., 7th Floor
                     New York, NY 10017
                     Attn:  Jeffrey A. Kimmel, Esq.

**WHEREFORE,** the Parties have caused this Agreement to be signed as of the day and date first above written.

**MARSHA CHALMERS**

_[signature]_

[Marsha Chalmers Signature]

STATE OF ~~NEW YORK~~ _Florida_ )
                                         ) ss:
COUNTY OF ~~NEW YORK~~ _Osceola_ )

On this 2 day of October 2014 before me personally came **MARSHA CHALMERS**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_[signature]_

Notary Public

**Robert Gans**

_____

[Robert Gans Signature]

**Mark Yackow**

_____

[Mark Yackow Signature]

**The Executive Club, LLC**

By: _____
      Mark Yackow
      Chief Operating Officer

10

**WHEREFORE,** the Parties have caused this Agreement to be signed as of the day and date first above written.

**MARSHA CHALMERS**

_____
[Marsha Chalmers Signature]

STATE OF NEW YORK       )
                        ) ss:
COUNTY OF NEW YORK  )

      On this ___ day of October 2014 before me personally came **MARSHA CHALMERS**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____
Notary Public

**Robert Gans**

_____
[Robert Gans Signature]

**Mark Yackow**

_____
[Mark Yackow Signature]

**The Executive Club, LLC**

By: _____
      Mark Yackow
      Chief Operating Officer

9

Mark Yackow


_____

**[Mark Yackow Signature]**


The Executive Club, LLC


By: _____

       Mark Yackow
       Chief Operating Officer


Agreed solely with respect to Sections 5 and 9 of the above
Agreement

_____

William Cafaro, Esq.
LAW OFFICES OF WILLIAM CAFARO
108 West 39th Street, Ste. 602
New York, New York  10018
Tel: (212) 583-7400

Attorney for Plaintiff Chalmers


4428-001 Doc# 119

# LIWANAG
# SETTLEMENT AGREEMENT

## SETTLEMENT AGREEMENT, GENERAL RELEASE AND WAIVER

This Settlement Agreement, General Release and Waiver ("Agreement"), made this ___ day of September, 2014, by and between plaintiffs Leslie Liwanag ("Liwanag"), Nicki Mpogiatzis ("Mpogiatzis"), Kayla Atkins ("Atkins"), Chelsea Rogers ("Rogers"), Linda Coyle ("Coyle"), Christina Sanchez ("Sanchez"), Heather Stonehill ("Stonehill"), Nadene Grey (Speer) ("Speer"), Sarah Ladner ("Ladner"), Colin Darrow ("Darrow"), Stephine Gavegnano ("Gavegnano"), Christine O'Malley ("O'Malley") and Madison Morrow ("Morrow") (collectively "Plaintiffs"), and defendants, The Executive Club LLC (the "Executive Club"), Mark Yackow ("Yackow") and Robert Gans ("Gans") (collectively referred to herein as "Defendants").

### WITNESSETH:

**WHEREAS**, an action was commenced on or about October 18, 2013, by Plaintiffs against Defendants in the District Court of the Southern District of New York, Case No. 13 cv 7362 (KMW) (the "Liwanag Action");

**WHEREAS**, an action was commenced on or about October 31, 2013, by Marsha Chalmers ("Chalmers") against Defendants in the District Court of the Southern District of New York, Case No. 13 cv 7730 (KMW) (the "Chalmers Action");

**WHEREAS**, the Liwanag Action and the Chalmers Action were consolidated by Order of the Court dated February 10, 2014 under Master case File No. 13 cv 7362 (KMW), *In re Penthouse Executive Club Opt-Out Litigation* (the "Lawsuit");

**WHEREAS**, Defendants dispute the issues of liability and damages in the Lawsuit;

**WHEREAS**, Plaintiffs and Defendants (each separately a "Party" and collectively "Parties") desire by this Agreement to settle fully all differences, disputes and claims that may exist between them;

**NOW, THEREFORE**, for and in consideration of the mutual covenants herein contained and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1.   **Settlement**.

A.   On November 1, 2014, or within fifteen (15) days of the Effective Date as defined in Paragraph 12(C), whichever is later, Defendants shall cause to be delivered, in full and final settlement of Plaintiffs' claims in the Lawsuit, to:

      i.   Hach Rose Schirripa & Cheverie, LLP, 185 Madison Avenue, 14th Floor, New York, NY 10038, the sum of One-Million Dollars ($1,000,000) (the "Settlement Sum"). The Settlement Sum shall be paid by check made payable to "Hach Rose Schirripa & Cheverie, LLP – Attorney Escrow Account."

ii.     The Settlement Sum shall be divided and allocated among Plaintiffs and Plaintiffs' counsel as determined by Plaintiffs and Plaintiffs' counsel in their sole discretion.

B.      Plaintiffs acknowledge and agree that, except as expressly provided in paragraph 1(A) above, Plaintiffs are not entitled to and will not receive any additional compensation, bonuses, severance payments, vacation pay or benefits of any kind from Defendants, or any of their affiliates, predecessors or successors, and that no representations or promises to the contrary have been made by or on behalf of Defendants to Plaintiffs.

C.      Plaintiffs further acknowledge and agree that (i) this settlement may result in taxable income to Plaintiffs under applicable federal, state and local tax laws; (ii) Defendants are providing no tax, accounting or legal advice to Plaintiffs, and make no representations regarding any tax obligations or tax consequences on Plaintiffs' part relating to or arising from this Agreement; (iii) Plaintiffs shall be solely responsible for all of their tax obligations, including, without limitation, all federal, state and local taxes, and all tax liens or claims against Defendants that may arise from all payments received by them under this Agreement, and Plaintiffs shall not seek any indemnification from Defendants with respect thereto; (iv) Plaintiffs have been advised that Defendants must comply with their obligations to make reports of such taxable income to the appropriate federal, state and local tax authorities, and issue IRS Forms 1099, as appropriate, and (v) Plaintiffs shall cooperate and provide information to Defendants, as reasonably necessary, to allow Defendants to comply with all applicable federal, state and local tax laws.

D.      Timely Payment by Defendants. In the event the Defendants fail to timely pay the Settlement Sum in full (a "Default"), Plaintiffs shall notify them of this Default in writing ("Cure Notice"), served by e-mail and first class mail, to:

Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, New York 10017
Attention: Howard Scott Davis, Esq.
hd@msf-law.com

with copies to:

Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, New York 10017
Attention: Jeffrey Kimmel, Esq.
jkimmel@meisterseelig.com

In the event of a Default and a failure to cure within five (5) business days of receipt of the Cure Notice, the Plaintiffs shall be entitled to collect an additional penalty payment in the amount of $2,500 per diem, to accrue from the day following the missed payment through and including the date the Defendants' Default is cured in its entirety

E.      In the event that the Defendants fail to cure a Default under this Agreement within thirty (30) days of receipt of the Cure Notice, Plaintiffs, without further notice, shall be authorized to enter a money Judgment against the Defendants, jointly and severally, on the unpaid portion of the Settlement Sum together with the accrued $2,500 per diem penalty, in the United States District Court for the Southern District of New York.

2.      **Discontinuance of Lawsuit**.  Upon the execution of this Agreement, Plaintiffs shall promptly file or cause to be filed with the Court, a Stipulation of Discontinuance of the Lawsuit, with prejudice, in the form attached hereto as Exhibit A.

3.      **No Admissions**.  This Agreement does not constitute an admission by any of the Parties of any violation of any contract or of any statute, or of any constitutional or common law, or of any rights thereunder, of any federal, state or local government of the United States, and Plaintiffs, and Defendants expressly deny any such violation or liability.  This Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

4.      **Release by Plaintiffs**.  In consideration of Defendants' willingness to enter into this Agreement, and in consideration for the agreements of Defendants contained in this Agreement, including the payment of the Settlement Sum, Plaintiffs, with the intention of binding Plaintiffs, their heirs, beneficiaries, trustees, administrators, executors, assigns and legal representatives, hereby irrevocably and unconditionally release, waive and forever discharge Defendants from, and hereby acknowledge full accord and satisfaction of, any and all actions, causes of action, claims, complaints, demands, damages, rights, remedies and liabilities of whatsoever kind or character (upon any legal or equitable theory, whether contractual, common law or statutory, under federal, state or local law or otherwise), past or present, whether known or unknown, asserted or unasserted, that they have ever had, may now have, or may later assert against Defendants by reason of any act, omission, transaction, agreement or occurrence, that Plaintiffs ever had, now have or hereafter may have against the Defendants up to and including the date of the execution of this Agreement, including, without limitation, claims asserted in the Lawsuit.  Plaintiffs represent that they do not have knowledge of any further causes of action that they possess against Defendants through the date of this Agreement.

Without limiting the generality of the foregoing, Plaintiffs hereby release and forever discharge Defendants from:

(i)      all claims of employment discrimination, harassment or retaliation under any federal, state or local statute or ordinance, public policy or common law, including, without limitation, any and all claims under Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Worker Adjustment and Retraining Notification Act, the Fair Labor Standards Act, the Sarbanes-Oxley Act, the Family & Medical Leave Act, the New York State and New York City Human Rights Laws, the New York Labor Law,

the New York Worker Adjustment and Retraining Notification Act, the New York Constitution, and as such laws have been amended;

(ii)   all contract and quasi-contract claims, claims for promissory estoppel or detrimental reliance, claims for wages, gratuities, bonuses, incentive compensation, and severance allowances or entitlements;

(iii)  all claims for employee benefits, including, without limitation, any and all claims under the Employee Retirement Income Security Act of 1974, as amended;

(iv)  all claims for fraud, slander, libel, defamation, disparagement, negligent or intentional infliction of emotional distress, personal injury, prima facie tort, negligence, compensatory or punitive damages, or any other claim for damages or injury of any kind whatsoever; and

(v)   all claims for monetary recovery, including, without limitation, attorneys' fees, costs and disbursements and the like.

Plaintiffs agree that they will not recover upon, or otherwise enforce or accept monies from any judgment, decision or award upon any claim released by Plaintiffs in this paragraph.

This Agreement and the release and discharge contained in this paragraph 4 shall also apply to Defendants' insurers, their past and present contractors, officers, directors, attorneys, agents, servants, representatives, employees, affiliates, partners, predecessors and successors in interest and assigns.

5.   



6.    **Non-Disparagement**.  Plaintiffs agree that they will not, directly or indirectly, disparage or criticize Defendants, or encourage, induce or permit others to disparage Defendants. For the purposes of this Agreement, "disparage" includes, without limitation, comments or statements (written or otherwise) to any person or entity, including, without limitation, to the press and/or media, employees, partners or principals of Defendants or any entity with which Defendants have a business relationship, which is intended to or could reasonably be expected to be inconsistent with or injurious to the interests or the reputation of Defendants or cause embarrassment or humiliation or otherwise cause or contribute to their being held in disrepute. A breach of this provision of this Agreement by Plaintiffs shall be deemed a material violation of this Agreement.

7.    **No Assist**.  **Plaintiffs represent and agree that they have not and shall not voluntarily take any action to support, encourage or participate in any action or attempted action other than the Lawsuit which names, or may in any way damage the reputation of Defendants, Defendants' heirs, agents, servants, representatives, employees, affiliates, parents, subsidiaries, partners, predecessors, successors in interest, assigns, shareholders, directors, or officers.  If Plaintiffs are ordered or subpoenaed by order of a court of competent jurisdiction or a state or federal governmental agency, in connection with a lawsuit which refers or relates to Defendants, Plaintiffs are not barred from revealing factual information they may be asked, but may not volunteer in any way to participate in any such lawsuit. It is understood and agreed that notice of receipt by Plaintiffs of any such judicial or agency order, inquiry or subpoena shall immediately be communicated by Plaintiffs to counsel for Defendants telephonically, and then confirmed immediately thereafter in writing, so that Defendants will have an opportunity to intervene to assert what rights they may have to non-disclosure prior to responses to said order, inquiry or subpoena.**

**Plaintiffs represent and warrant that they are not aware of any other former independent contractors or employees of Defendants that intend to, or are in the process of,**

**or are considering asserting any legal claims against Defendants or their affiliates of any nature whatsoever.**

8.    **Professional Relationship**.

A.    Plaintiffs agree that their professional relationships with Defendants have been permanently and irrevocably severed.  Plaintiffs agree that none of the Defendants or any affiliated entities of Defendants, whether in the State of New York or any other State, shall have any obligation at any time in the future to employ Plaintiffs or enter into any other type of professional or business relationship with Plaintiffs.  Plaintiffs agree that they will not seek employment or any other professional or business relationship with Defendants or any affiliated entities of Defendants, whether in the State of New York or any other State.  Plaintiffs further agree that if Plaintiffs seek employment or any other arrangement with Defendants or any affiliated entities of Defendants, whether in the State of New York or any other State, under which Plaintiffs would receive compensation for services performed by Plaintiffs, a rejection by Defendants or any affiliated entities of Defendants, whether in the State of New York or any other State, of any application or inquiry of Plaintiffs will not constitute a violation of this Agreement or a violation of law in any manner whatsoever.

B.    Notwithstanding the forgoing paragraph 8(A), Plaintiff Madison Morrow has maintained and continues to maintain a professional relationship with Defendants free from retaliation or adverse treatment during the pendency of the Lawsuit.  Plaintiff Morrow and Defendants agree that Ms. Morrow will continue to maintain a professional relationship with Defendants until such time when Ms. Morrow or Defendants no longer wish to maintain said relationship at which point the terms of paragraph 8(A) above shall apply to Ms. Morrow.

9.    **Forfeiture**.  In the event that any Plaintiff is in material breach of this Agreement, including but not limited to a breach of provisions 6 – 8, such Plaintiff shall forfeit the amount of the Settlement Sum allocated to her by Plaintiffs.  If such breach is by Plaintiffs' counsel, the entire Settlement Sum shall be forfeited.  Defendants shall not be barred from seeking additional damages or relief above and beyond the Settlement Sum.

10.    **Lack of Duress**.  The Parties represent and warrant that they have each read this Agreement and that this Agreement has been executed of their own free will, without promises, threats or the exertion of duress upon them.

11.    **No Representations**.  The Parties warrant and represent that no statements, representations, coercion, promises or warranties were made by any other Party or its representatives to influence, induce or cause the other to enter into this Agreement other than statements and representations specifically recited in this Agreement.

12.    **Review and Revocation**.

A.    The Parties to this Agreement represent and warrant that they have been represented by independent legal counsel of their own choice throughout all of the negotiations preceding the execution of this Agreement and that they have executed this Agreement after consultation with such counsel. The Parties further warrant that they have, in fact, reviewed this

Agreement in its entirety, that they have had all of its terms and provisions explained to them by their attorneys, who have answered any and all questions they have asked with regard to the meaning of any of the terms and provisions of this Agreement, and that they fully understand the terms, provisions and legal effect of this Agreement.

B.     Plaintiffs acknowledge that before signing this Agreement, they were given at least twenty-one (21) days in which to review and consider it; Plaintiffs have, in fact, carefully reviewed this Agreement; and Plaintiffs are entering into it voluntarily and of their own free will.  Further, Plaintiffs acknowledge that if Plaintiffs execute this Agreement before the end of the twenty-one (21) day period, such early execution was completely voluntary, and Plaintiffs had reasonable and ample time in which to review this Agreement.

C.     Plaintiffs agree that, for a period of seven (7) days after they sign this Agreement, Plaintiffs have the right to revoke it by providing notice, in writing, by Federal Express or other overnight delivery service, or by certified mail, return receipt requested, to counsel for Defendants.  This Agreement will not become fully effective and enforceable until after the expiration of the seven-day revocation period and, in the event that the Court in the Lawsuit requires approval of the within settlement, after the Court in the Lawsuit provides such approval of the within settlement (the "Effective Date").  Any attempted revocation not actually received by counsel for Defendants prior to the revocation deadline will not be effective.

D.     Plaintiffs understand that their acceptance of the Settlement Sum at any time more than seven (7) days after they sign this Agreement confirms that they did not revoke their assent to this Agreement and, therefore, that it is fully effective and enforceable.

13.     **Warranty of Capacity to Execute Agreement**.   The Parties represent and warrant that no other person or entity has, or has had, any interest in the claims, demands, obligations or causes of action referred to in this Agreement, except as otherwise set forth herein; that the Parties have the sole right and exclusive authority to execute this Agreement; that Plaintiffs have the sole right and exclusive authority to receive the Settlement Sum; and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

14.     **Entire Agreement**.   This Agreement contains the entire understanding between the Parties with respect to the subject matter hereof, and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof.  This Agreement may not be changed orally, and no modification, amendment or waiver of any of the provisions contained in this Agreement, nor any future representation, promise or condition in connection with the subject matter hereof, shall be binding upon any Party unless made in writing and signed by such Party.

15.     **Severability**.  If any court of competent jurisdiction concludes that any part, term or provision of this Agreement is illegal, void, unenforceable or in conflict with any state, federal or any other applicable law, it is the Parties' intention that the Agreement be deemed to be modified so that its purpose can lawfully be effectuated and, as so modified, the balance of this Agreement shall be enforceable and remain in full force and effect.  Provided, however, that if

paragraph 4 above is held to be illegal, void or unenforceable, Plaintiffs agree to promptly execute valid general releases and waivers in favor of Defendants.

16.  **Counterparts**.  This Agreement may be executed in more than one counterpart, each of which when so executed shall be deemed to be an original and all of which when taken together shall constitute one and the same instrument.  Facsimile or scan copies of signatures shall be deemed originals.

17.  **Governing Law**.  This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of laws principles and provisions.  Any action or proceeding between the Parties shall be commenced only in the state courts located in the State of New York, and Plaintiffs and Defendants hereby submit to the exclusive jurisdiction of the state courts located in the City, County and State of New York.

18.  **Successors and Assigns**.  This Agreement shall extend to, be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

19.  **Assignment**.  Neither this Agreement nor any rights or obligations hereunder may be assigned by one Party without the written consent of the others, except that Defendants may assign this Agreement to any parent or affiliate entity, and this Agreement shall inure to the benefit of any successor of Defendants, whether by merger, consolidation, sale of assets or otherwise, and reference herein to Defendants shall be deemed to include any such successor or successors.  The obligations of Plaintiffs hereunder shall be binding upon Plaintiffs.

20.  **Waiver**.  No waiver of any breach of any term or provision of this Agreement shall be construed to be, nor shall be, a waiver of any other breach of this Agreement.  No waiver shall be binding unless in writing and signed by the Party waiving the breach.

21.  **Contract Headings**.  All headings of the Sections of this Agreement have been inserted for convenience of reference only, are not to be considered a part of this Agreement, and shall in no way affect the interpretation of any of the provisions of this Agreement.

22.  **Miscellaneous Provisions**.

    a.  The recitals to this Agreement are hereby deemed incorporated into this Agreement.

    b.  Each of the Parties hereto has joined in and contributed to drafting this Agreement and each of the Parties hereby agree that there shall be no presumption favoring any of the Parties based upon draftsmanship.

23.  **Notices**.  Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if mailed by registered or certified mail, return receipt requested, or via overnight delivery service, addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice.

8

If to Plaintiffs:

                                  Hach Rose Schirripa & Cheverie, LLP
185 Madison Avenue, 14th Floor
New York, NY 10038

If to Defendants:

                                  The Executive Club LLC, Mark Yackow and Robert Gans
603 West 45th Street, 3rd Floor
New York, NY  10036

with a copy to:

Meister Seelig & Fein LLP
125 Park Ave., 7th Floor
New York, NY 10017
Attn:  Jeffrey A. Kimmel, Esq.

**WHEREFORE,** the Parties have caused this Agreement to be signed as of the day and date first above written.

**LESLIE LIWANAG**

[Leslie Liwanag Signature]

STATE OF NEW YORK        )
                                              ) ss:
COUNTY OF NEW YORK  )

On this 16th day of September 2014 before me personally came **LESLIE LIWANAG**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

Notary Public

> TIMOTHEA N RATCHFORD
> Notary Public - State of New York
> NO. 01RA6280720
> Qualified in New York County
> My Commission Expires 5-13-17

**NICKI MPOGIATZIS**

[Nicki Mpogiatzis Signature]

STATE OF NEW YORK        )
                                              ) ss:
COUNTY OF NEW YORK  )

On this ___ day of September 2014 before me personally came **NICKI MPOGIATZIS**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

Notary Public

10

If to Plaintiffs:

Hach Rose Schirripa & Cheverie, LLP
185 Madison Avenue, 14th Floor
New York, NY 10038

If to Defendants:

The Executive Club LLC, Mark Yackow and Robert Gans
603 West 45th Street, 3rd Floor
New York, NY 10036

with a copy to:

Meister Seelig & Fein LLP
125 Park Ave., 7th Floor
New York, NY 10017
Attn: Jeffrey A. Kimmel, Esq.

9

**WHEREFORE**, the Parties have caused this Agreement to be signed as of the day and date first above written.

**LESLIE LIWANAG**

_____
[Leslie Liwanag Signature]

STATE OF NEW YORK      )
                                            ) ss:
COUNTY OF NEW YORK  )

On this ___ day of September 2014 before me personally came **LESLIE LIWANAG**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____
Notary Public

**NICKI MPOGIATZIS**

_____
[Nicki Mpogiatzis Signature]

STATE OF NEW ~~YORK~~  ) Jersey
                                            ) ss:
COUNTY OF ~~NEW YORK~~  ) Camden

On this 15 day of September 2014 before me personally came **NICKI MPOGIATZIS**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____
Notary Public

**VIVIAN V MARK**
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES OCT. 10, 2016

10

**KAYLA ATKINS**

_____

[Kayla Atkins Signature]

STATE OF NEW YORK      )
                                          ) ss:
COUNTY OF NEW YORK  )

On this 15 day of September 2014 before me personally came **KAYLA ATKINS**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____
Notary Public

JOHN A. BLYTH
NOTARY PUBLIC-STATE OF NEW YORK
No. 02BL6301950
Qualified in Richmond County
My Commission Expires April 28, 2018

**CHELSEA ROGERS**

_____

[Chelsea Rogers Signature]

STATE OF NEW YORK      )
                                          ) ss:
COUNTY OF NEW YORK  )

On this ___ day of September 2014 before me personally came **CHELSEA ROGERS**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____
Notary Public

11

**KAYLA ATKINS**

_____
[Kayla Atkins Signature]

STATE OF NEW YORK )
                  ) ss:
COUNTY OF NEW YORK )

     On this ___ day of September 2014 before me personally came **KAYLA ATKINS**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____
Notary Public

**CHELSEA ROGERS**

_____
[Chelsea Rogers Signature]

STATE OF NEW YORK )  Texas
                  ) ss:
COUNTY OF NEW YORK )  Harris

     On this 15 day of September 2014 before me personally came **CHELSEA ROGERS**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____
Notary Public

```
ANTONIO GARCIA
Notary Public, State of Texas
My Commission Expires
November 29, 2016
```

11

LINDA COYLE

[Linda Coyle Signature]

STATE OF ~~NEW YORK~~ )
          Connecticut) ss: Branford
COUNTY OF ~~NEW YORK~~ )
          New Haven
          On this 1st day of ~~September~~ October 2014 before me personally came LINDA COYLE, to me
known and known to me to be the person described and who executed the foregoing Settlement
Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the
same.

Notary Public
My commission expires Sept. 30, 2017

CHRISTINA SANCHEZ


[Christina Sanchez Signature]

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK  )

          On this ____ day of September 2014 before me personally came CHRISTINA
SANCHEZ, to me known and known to me to be the person described and who executed the
foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me
that she executed the same.


Notary Public

12

**LINDA COYLE**

_____
[Linda Coyle Signature]

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

     On this ___ day of September 2014 before me personally came **LINDA COYLE**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____
Notary Public

**CHRISTINA SANCHEZ**

_____
[Christina Sanchez Signature]

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

     On this _3_ day of ~~September~~ october 2014 before me personally came **CHRISTINA SANCHEZ**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____
Notary Public

> MARIA E COLLADO
> Notary Public
> State of New Jersey
> My Commission Expires Jan. 02, 2018
> I.D.# 2367609

12

**HEATHER STONEHILL**

[Heather Stonehill Signature]

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

On this ___ day of September 2014 before me personally came **HEATHER STONEHILL**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____
Notary Public


**NADENE GREY (SPEER)**


_____
[Nadene Grey (Speer) Signature]

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

On this ___ day of September 2014 before me personally came **NADENE GREY (SPEER)**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.


_____
Notary Public

13

POST-HASTE          FAX:707-825-8971          Sep 19 2014 11:36          P014/018

## California All-Purpose Acknowledgement

**State of California**

**County of Humboldt**

On ___SEPT 19, 2014___ before me, ___Kristina Culbertson, Notary Public,___

Personally appeared ___HEATHER STONEHILL___

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

KRISTINA CULBERTSON
COMM. #1950439
NOTARY PUBLIC · CALIFORNIA
HUMBOLDT COUNTY
My Comm. Expires Sept. 27, 2016

Signature _Kristina Culbertson_

**Signature of Notary Public**

_____OPTIONAL_____

Though the information below is not required by law, it may prove valuable to persons relying on the document and
could prevent fraudulent removal and reattachment of this form to another document.

**Description of Attached Document**

Title of Type of Document: __SETTLEMENT AGREEMENT, GENERAL RELEASE AND WAIVER__

Document Date: __SEPT 19, 2014__  Number of Pages: __17__

Signer(s) Other Than Named Above: __17 OTHER SIGNERS__

ORIGINAL
EMBOSSED

_____

[Heather Stonehill Signature]

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

     On this ___ day of September 2014 before me personally came **HEATHER STONEHILL**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____

Notary Public

**NADENE GREY (SPEER)**

_____

[Nadene Grey (Speer)  Signature]

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

     On this 25 day of September 2014 before me personally came **NADENE GREY (SPEER)**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____

Notary Public

LISETTE ARISTA RAMIREZ
NOTARY PUBLIC STATE OF NEW YORK
ORANGE COUNTY
NO. #01AC6244868
COMMISSION EXPIRES 12/  2017

13

**SARAH LADNER**

[Sarah Ladner Signature]

STATE OF NEW YORK          )
                                                 ) ss:
COUNTY OF NEW YORK    )

On this 17 day of September 2014 before me personally came **SARAH LADNER**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____
Notary Public

DIANNE M. BROWN
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN NEW YORK COUNTY
REG. #01BR6178963
MY COMM. EXPIRES 12 / 17 / 2015

**COLIN DARROW**

_____
[Colin Darrow Signature]

STATE OF NEW YORK          )
                                                 ) ss:
COUNTY OF NEW YORK    )

On this ___ day of September 2014 before me personally came **COLIN DARROW**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____
Notary Public

14

**SARAH LADNER**

_____

[Sarah Ladner Signature]

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK  )

      On this ___ day of September 2014 before me personally came **SARAH LADNER**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____

Notary Public

**COLIN DARROW**

_____

[Colin Darrow Signature]

STATE OF ~~NEW YORK~~ Lousiana      )
                       ) ss:
COUNTY OF ~~NEW YORK~~ Lafayette  )

      On this ~~19~~ 22nd day of September 2014 before me personally came **COLIN DARROW**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____

Notary Public

Rhonda M. David, Notary ID #050812
State of Louisiana
Parish of Lafayette
My Commission is for Life

THIS DOCUMENT NOT
PREPARED BY NOTARY
PUBLIC ATTESTING TO
SIGNATURES ONLY

14

**STEPHANIE GAVEGNANO**

[Stephanie Gavegnano Signature]

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK  )

On this _9_ day of ~~September~~ *Oct.* 2014 before me personally came **STEPHANIE GAVEGNANO**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

Notary Public

```
CAROL M CIMINO
Notary Public
Baltimore County
Maryland
My Commission Expires Jan 9, 2016
```

**CHRISTINE O'MALLEY**

_____

[Christine O'Malley Signature]

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK  )

On this ___ day of September 2014 before me personally came **CHRISTINE O'MALLEY**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____
Notary Public

15 SG

**STEPHINE GAVEGNANO**

_____
[Stephine Gavegnano Signature]

STATE OF NEW YORK          )
                          ) ss:
COUNTY OF NEW YORK   )

On this ____ day of September 2014 before me personally came **STEPHINE GAVEGNANO**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____
Notary Public

**CHRISTINE O'MALLEY**

_____
[Christine O'Malley Signature]

STATE OF NEW YORK          )
                          ) ss:
COUNTY OF NEW YORK   )

On this 29 day of September 2014 before me personally came **CHRISTINE O'MALLEY**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____
Notary Public

JOHN A. BLYTH
NOTARY PUBLIC-STATE OF NEW YORK
No. 02BL6301950
Qualified in Richmond County
My Commission Expires April 28, 2018

15

**MADISON MORROW**

*[signature]*

[Madison Morrow Signature]

STATE OF NEW YORK    )

                        ) ss:

COUNTY OF NEW YORK  )

       On this $\underline{/7}$ day of September 2014 before me personally came **MADISON MORROW**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

*[signature]* 9/18/14

Notary Public

CRAIG WEXLER
Notary Public, State of New York
No. 01WE6071493
Qualified in New York County
Commission Expires March 18, 2018

**Robert Gans**

_____

[Robert Gans Signature]

**Mark Yackow**

_____

[Mark Yackow Signature]

**The Executive Club, LLC**

By: _____
       Mark Yackow
       Chief Operating Officer

16

**MADISON MORROW**

_____
[Madison Morrow Signature]

STATE OF NEW YORK     )
                            ) ss:
COUNTY OF NEW YORK   )

       On this ___ day of September 2014 before me personally came **MADISON MORROW**, to me known and known to me to be the person described and who executed the foregoing Settlement Agreement, General Release and Waiver, and she duly acknowledge to me that she executed the same.

_____
Notary Public

**Robert Gans**

_____
[Robert Gans Signature]

**Mark Yackow**

_____
[Mark Yackow Signature]

**The Executive Club, LLC**

By: _____
       Mark Yackow
       Chief Operating Officer

16

Agreed solely with respect to Sections 5 and 9 of the above Agreement

Frank R. Schirripa, Esq.
HACH ROSE SCHIRRIPA
   & CHEVERIE LLP
185 Madison Avenue, 14th Floor
New York, New York 10016
Tel.: (212) 213-8311
Fax: (212) 779-0028

Steven J. Harfenist, Esq.   *(With permission)*
FRIEDMAN, HARFENIST, KRAUT
   & PERLSTEIN LLP
3000 Marcus Avenue, Suite 2E1
Lake Success, NY 11042
Tel.: (516) 355-9600
Fax: (516) 355-9618

*Attorneys for Plaintiffs Liwanag, Mpogiatzis,*
*Atkins, Rogers, Coyle, Sanchez, Stonehill,*
*Grey, Ladner, Darrow, Gavegnano, O'Malley*
*and Morrow*

17

# PROPOSED APPROVAL ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
In re: Penthouse Opt-Out Litigation.

-----------------------------------------------------------------------X

Case Number:

13-cv-7362

**[PROPOSED] ORDER APPROVING FLSA AND NYLL SETTLEMENT AND**
**DISMISSING ACTION WITH PREJUDICE**

For the reasons set forth on the record at a fairness hearing held November 12, 2014, and

having reviewed each of the two (2) Settlement Agreement, General Release and Waivers among

the parties in this action (the "Settlement Agreements"), this Court hereby grants final approval

of the settlement as set forth in the Settlement Agreements provided to the court and annexed

hereto.

The captioned action is hereby dismissed with prejudice and without costs to any party

against the other.

The Clerk of Court is directed to close this case, as well as Case Number 13 cv 7730

(KMW), which was consolidated with this case for all purposes on February 10, 2014 (ECF Dkt.

No. 21).

It is so ORDERED this ___ day of _____, 2014.

_____
KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE

*4462-010 Doc# 236*